UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MYRON A. GRACE, *et al.*,** | ) | **CASE NO. 1:13 CV 1870** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **K AND D GROUP, INC., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiffs Myron A. Grace and Rakhshanda Talib filed this action under the Fair

Housing Act, 42 U.S.C. § 3604, 42 U.S.C. § 1981, and 18 U.S.C. § 245 against K and D Group,

Inc. ("K and D") and the North Point Apartments in Euclid, Ohio.  In the Complaint, Plaintiffs

assert they were wrongfully evicted from their apartment in Euclid, Ohio.  They seek monetary

damages.

Plaintiffs also filed a Motion to Proceed *In Forma Pauperis*.  That Motion is granted.

## I.  BACKGROUND

Plaintiffs rented a residential unit at the North Point Apartments in Euclid, Ohio.[1]  They

---

[1]  Myron Grace filed a prior action in this federal court against these same Defendants
based on the same set of facts.  *See Grace v. K and D Group, Inc.,* No. 1:12 CV 2044 (N.D.
Ohio filed Aug. 7, 2012)(Polster, J.)  The Court takes judicial notice of its own docket as uses
the factual allegations in that action only to give context to the events described by Plaintiffs in

contend that on March 31, 2012, their children were playing in the hallway of the apartment building.  An agent of K and D management asked them to play elsewhere.  Plaintiffs claim the agent mumbled a racial epithet under her breath.

Plaintiffs were having difficulty paying their rent, which was due by the 5th day of the month.  *See Grace v. K and D Group, Inc.,* No. 1:12 CV 2044 (N.D. Ohio filed Aug. 7, 2012)(Polster, J.)(ECF No. 1 at 3).  They owed rent money to K and D for April 2012 and telephoned the property manager to arrange for a late rent payment.  *Id.* (ECF No. 5 at 2).  They did not receive a response but placed a money order for $ 700.00 in the rent drop box on April 24, 2012, the same day K and D filed an eviction action in the Euclid Municipal Court.  *See Id.*; *K&D Management LLC v. Grace*, No. 12CVG01204 (Euclid Mun. Ct. filed April 24, 2012).[2]  K and D held the $700 payment until May 5, 2012 when Plaintiffs paid an additional $ 1,135.00 for back rent, court costs, late fees, and full payment of rent for the month of May 2012.  *Grace v. K and D Group, Inc.,* No. 1:12 CV 2044 (N.D. Ohio filed Aug. 7, 2012)(ECF No. 5 at 2).  K and D dismissed the eviction on May 10, 2012.  *Id.*

Plaintiffs did not make a timely rent payment in June 2012, and K and D filed another eviction action against Plaintiffs on June 21, 2012.  *Id.* (ECF No. 5 at 3).  They state they had an agreement with the K and D business office to make a late rent payment on June 8, 2012.  *Id.* (ECF No. 1 at 3).  Grace left a message at the K and D office on June 9, 2012 telling them he was ill and would pay the rent on the following Friday, June 15, 2012.  *Id.* (ECF No. 1 at 3).  He submitted the rent and the late fee on June 13, 2012, but K and D refused to accept it, and filed

this action.

---

[2]    Euclid Municipal Court dockets can be viewed at:
http://www.cityofeuclid.com/community/court .

an eviction action.  *See K&D Management LLC v. Grace*, No. 12CVG01816 (Euclid Mun. Ct. filed June 21, 2012).  A judgment of eviction was granted in favor of K and D on July 24, 2012. *Id.*

Plaintiffs allege that on the day before the eviction hearing, they entered into an agreement with the North Point Apartments property manager to pay $1,800.00 in full restitution of back rent owed.  They contend K and D's agent contacted them and demanded payment of $2,009.00 for late fees and back rent to avoid eviction.  They refused to make the payment. Plaintiffs allege they contacted K and D's District Manager on July 30, 2012 and attempted to negotiate a settlement to avoid eviction.  The District Manager demanded $ 2,153.00 in late fees and back rent.  Plaintiffs did not make the payment.  They were evicted from the premises on July 30, 2012.  The court awarded K and D damages in the amount of $ 1,853.00 on September 26, 2012.

Plaintiffs filed an action in this federal court on August 7, 2012 to contest the eviction. *See Grace v. K and D Group, Inc.,* No. 1:12 CV 2044 (N.D. Ohio filed Aug. 7, 2012)(Polster, J.).  Talib, however, did not sign the Complaint and she was not considered a proper plaintiff in the action.  Grace asserted three claims for relief.  First, he claimed K and D violated Ohio Revised Code § 5321.02 prohibiting retaliatory actions by landlords.  *Id.* (ECF No. 1 at 4.) Second, he also asserted that the K and D violated Executive Order 11063 which prohibits discrimination in the sale, leasing, rental or disposition of property by refusing to accept a late rent payment in June 2012.  *Id.*  Finally, he asserted a claim under the Fair Housing Act, claiming K and D engaged in "illegal rent increases and threat of force against American citizens as these are acts against their Constitutional rights of liberty and pursuit of happiness."

-3-

*Id.* (ECF No. 5 at 4). United States District Judge Dan Aaron Polster dismissed the case, stating that Grace could not file an action in federal court to re-litigate matters that were already decided in state court proceedings. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Judge Polster also considered the merits of each of Grace's claims and concluded he failed to state a claim upon which relief could be granted.

Plaintiffs have now filed this action against the same Defendant based on the same incident. In this action, they asserts three claims. First, they claim that K and D violated the Fair Housing Act. Although they paraphrase portions of the statute in their Complaint, they do not indicate how this statute applies to this case. Second, Plaintiffs asserts K and D violated their rights to equal protection under 42 U.S.C. § 1981 by evicting them on July 30, 2012. Third, they assert, without explanation, that they are entitled to relief under 18 U.S.C. §245. They seek $50,000 for wrongful eviction, $100,000 for "acts of housing discrimination" and $100,000 for acts of racial discrimination.

## II.  LAW AND ANALYSIS

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

-4-

fact when it is premised on an indisputably meritless legal theory or when the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a

claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right

to relief above the speculative level on the assumption that all the allegations in the Complaint

are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed

factual allegations, but must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that

offers legal conclusions or a simple recitation of the elements of a cause of action will not meet

this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in

the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561

(6th Cir. 1998).

**Res Judicata**

There are two forms of *res judicata* which bar Plaintiffs from bringing this action. First,

Grace already attempted to contest the eviction in federal court prior to filing this action. The

doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party

from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat

the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660

(6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every

issue or defense that should have been raised in the previous action. *Id.* The purpose of this

doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

Both of these requirements are met in this case. Grace brought the prior action against K and D based on the same set of facts and incidents. Although Plaintiffs are attempting to obtaining a judgment in this case by asserting new legal theories, this action is still barred by *res judicata* because those claims could and should have been brought in the prior federal court action. Consequently, while Talib was not a party to the first action, Grace is precluded from litigating this matter for a second time in federal court.

In addition, the doctrine of *res judicata* also bars a litigant from filing an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Plaintiffs filed this action to obtain damages for wrongful eviction. The Euclid Municipal Court already determined that the eviction of Plaintiffs from the apartment was appropriate, and granted judgment to K and D in the amount of $ 1, 853.00. To determine if the eviction action in state court precludes Plaintiffs from bringing this action in federal court to challenge the eviction, the Court must look to Ohio's law of preclusion.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim

preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

Both claim and issue preclusion apply in this case. The parties in the present action are the same parties to the state court proceedings. To that end, Plaintiffs could have asserted their claim that their eviction had a discriminatory purpose in the course of the state court proceedings. Moreover, the issue of the propriety of their eviction was actually and directly litigated in the state court proceeding. This Court must give full faith and credit to that state court judgment. Plaintiffs are barred by the doctrine of *res judicata* from asserting claims in federal court to challenge their eviction.

**Failure to State a Claim**

Even if Plaintiffs were not barred by the doctrine of *res judicata* from bringing this

action, they failed to state a claim upon which relief may be granted.  They indicate they are entitled to relief under the Fair Housing Act, 42 U.S.C. § 1981, and 18 U.S.C. § 245, but they do not indicate why they are entitled to relief or how these statutes apply to their case.  They simply conclude that K and D violated the statutes.

To satisfy the basic notice pleading requirements of Federal Civil Procedure Rule 8, the Plaintiffs must include factual allegations in the Complaint that are sufficient to raise the right to relief above the speculative level.  *Bell Atl. Corp.*, 550 U.S. at 555.  While the Plaintiffs are not required to include detailed factual allegations, they cannot simply cite a statute and claim the Defendant violated it without providing some factual basis for this statement.  *Iqbal*, 556 U.S. at 678.  A pleading that offers only legal conclusions or a simple recitation of the elements of a cause of action does not meet the basic pleading standard of Rule 8.  *Id.*  Because Plaintiffs' Complaint is written solely as legal conclusions unsupported by facts, it fails to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, Plaintiffs' Motion to Proceed *In Forma Pauperis* is granted and this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Christopher A. Boyko
Dated:  January 27, 2014                    CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

_____

[3]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.